# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Date:              June 4, 2010

Courtroom Deputy: Nel Steffens
Court Reporter:   Suzanne Claar
Probation Officer: Michelle Means

**Criminal Action No. 09-cr-00521-REB**

*Parties:*                              *Counsel:*

UNITED STATES OF AMERICA,               Tim Neff

    Plaintiff,

v.

1.  TAMMY L. BUXMAN,                    Ronald Aal

    Defendant.

## SENTENCING MINUTES

**11:02 a.m.   Court in session.**

Appearances of counsel.

Defendant is present on bond.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the government confirms that counsel has read the presentence report and addendum.

Counsel for the defendant informs the Court that counsel has read and discussed the presentence report and addendum with the defendant.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence.

Defendant is sworn.

Statement by the defendant.

Statement by counsel for the government.

The Court has considered all relevant matters of fact and law, including the following:

- The parties' plea agreement under USSG § 6B1.2, including the parties' written stipulation of facts relevant to sentencing under USSG § 6B1.4(a);
- The nature and circumstances of the offense(s) – focusing on "the real conduct" – for which the defendant is being sentenced;
- The history and characteristics of the offender;
- The authorized sentences under 18 U.S.C. § 3551;
- The presentence report and any addendum;
- The basic purposes of criminal punishment: deterrence; incapacitation; just punishment; and rehabilitation as declared in the Sentencing Reform Act of 1984;
- The purposes and goals of sentencing as prescribed by Congress at 18 U.S.C. § 3553(a)(2);
- The factors to be considered in imposing sentence pursuant to 18 U.S.C. §§ 3582(a) and 3553(a)(1)-(7);
- The constitutional and relevant provisions of the advisory USSG;
- The kinds of sentence and the sentencing range established under the USSG for the applicable category of offense committed by the applicable category of defendant pursuant to 18 U.S.C. § 3553(a)(4);
- The need to avoid unwarranted sentencing disparities by "ensuring similar sentences for those who have committed similar crimes in similar ways," *Booker*;
- The need to restitute victims;
- The pertinent policy statements of the US Sentencing Commission;
- The need to impose sentences that satisfy the needs and requirements of 18 U.S.C. § 3553(a)(2);
- The advancement of the seminal congressional goals of honesty, uniformity, and proportionality in sentencing;
- The principle and requirement codified at 18 U.S.C. § 3553(a), to impose a sentence that is sufficient, but not greater than necessary, to achieve the

congressional goals and purposes of sentencing;
- The propriety or necessity of imposing concurrent or consecutive sentences after considering the provisions of 18 U.S.C. § 3584(a) and (b);
- The position of the government, the defendant, and the probation department;
- The evidence presented, reasons stated, arguments advanced, authorities cited by the parties in their papers and during their oral argument and presentation.

The Court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment(s) of conviction, sentence(s), and orders.

**IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the pending motions are resolved as follows:

    - the **Government's Motion for Acceptance of Responsibility Downward Adjustment** [#13] filed April 9, 2010, is **GRANTED**;

    - the defendant's **Motion for non-Guideline Statutory Sentence** [#14] filed May 13, 2010, is respectfully **DENIED**;

3. That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Count 1 of the one-count Information;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **twenty-one (21) months**;

5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **three years**; provided furthermore, that within 72 hours of defendant's release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which she is released;

6. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

    - all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

- all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

- the following explicit or special conditions of supervised release:

    - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

    - that the defendant shall not possess or use illegally controlled substances;

    - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

    - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

    - that the defendant shall make and pay any restitution/fine/assessment as ordered and required by the court;

    - that the defendant shall participate in credit counseling as directed by her probation officer;

    - that the defendant shall not incur new credit charges or open or establish additional lines of credit without the advance written approval of defendant's probation officer;

    - that any employment for the defendant on her release from incarceration shall be approved in advance by her probation officer;

7. That no fine is imposed;

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00;

9. That the mandatory drug-testing provisions of 18 U.S.C.. § 3583(d) are waived;

10. That the defendant shall pay restitution for the benefit of Wells Fargo

       Bank, payable to the care of the Clerk of the Court in full immediately, in the amount of $246,997.00, to the extent not paid immediatley, to be paid in installments of not less than 10 percent of her monthly gross income as determined periodically by her probation officer; provided that interest on restitution is waived;

11.     That presentence confinement credit, if any, shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585;

12.     That the defendant shall voluntarily surrender and report, at defendant's expense, to the institution designated by the Bureau of Prisons on or before **12:00 p.m.** (**noon) on July 12, 2010**; provided furthermore, that this court will enter a discrete written order articulating that duty and requirement; and

13.     That this court recommends to the Bureau of Prisons that it designate its women's facility in or near Phoenix, Arizona for service of sentence.

The Defendant waives formal advisement of appeal.

**11:51 a.m.    Court in recess.**

Total time in court:   00:49

Hearing concluded.